UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
G.H.H.,

                Petitioner,

      - against -

KENNETH GENALO, in his official capacity
as Field Office Director of New York,
Immigration and Customs Enforcement;
WARDEN RAUL MALDONADO, JR., in his
official capacity as Warden of the Metropolitan
Detention Center; TODD LYONS, in his
official capacity as Acting Director U.S.
Immigrations and Customs Enforcement;
KRISTI NOEM in her official capacity as
Secretary of Homeland Security; and PAM
BONDI, in her official capacity as Attorney
General,

                Respondents.
--------------------------------------------------------x

**<u>ORDER TO SHOW CAUSE</u>**
26-CV-1500 (PKC)

PAMELA K. CHEN, United States District Judge:

Upon review of Petitioner G.H.H.'s Emergency Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2241, (Dkt. 1), and Motion for Leave to Proceed Under Pseudonym, (Dkt. 3), it is

hereby ordered that:

1. Having considered the factors laid out in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d

185, 189 (2d Cir. 2008), the Court GRANTS Petitioner's motion to proceed pseudonymously and

to redact the personal identifying information discussed in the motion, (Dkt. 3).

2. Respondents shall, by <u>12:00 p.m. on March 19, 2026</u>, show cause in writing why a writ

of *habeas corpus* should not be issued and why Petitioner should not be immediately released. *See*

28 U.S.C. § 2243. If Respondents contend that Petitioner is detained under a statute other than 8

U.S.C. § 1226(a), their response must state what facts, if any, distinguish Petitioner's case from

the vast majority of district court cases that have disagreed with Respondents' contention. *See Barco Mercado v. Franci*s, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, *13–14 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In particular, Respondents are directed to state:

    a. What distinguishes Petitioner's case from the numerous other cases in which the petitioner, who had resided in the United States for several years, was found to be improperly detained under 8 U.S.C. § 1225(b)(2). (Pet., Dkt. 1, ¶¶ 1, 19); *see Padilla Molina v. DeLeon*, No. 25-CV-6526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (compiling cases).

    b. The basis for Petitioner's extended stop on January 27, 2026, which Petitioner alleges was unlawfully race-based. (*See* Pet., Dkt. 1, ¶¶ 1, 19, 74–75; G.H.H. Decl., Dkt. 1-1); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-CV-3417 (BAH), 2025 WL 3465518, at *13 (D.D.C. Dec. 2, 2025) (drawing from Fourth Amendment standard and granting preliminary injunction upon finding likelihood of plaintiffs' success on the merits, where plaintiffs challenged Department of Homeland Security's practice of warrantless arrests on statutory grounds).

Finally, Respondents are directed to include "affidavits and exhibits . . . to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." *See Belqui M. v. Bondi*, No. 26-CV-0308 (MJD) (SGE), 2026 WL 185203, at *1 (D. Minn. Jan. 21, 2026), *R&R adopted*, 2026 WL 194071 (D. Minn. Jan. 25, 2026).

3. To preserve the Court's jurisdiction pending a ruling on the Petition, Respondents are **restrained from removing Petitioner from the United States** until further order of this Court. *See M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (collecting cases ordering same).

4. Furthermore, considering Petitioner's interest in participating in proceedings before this Court and maintaining adequate access to legal counsel, Respondents are **restrained from transferring Petitioner to a facility outside of this District** absent further order of this Court. *See Samb v. Joyce*, No. 25-CV-6374 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. 3) (collecting cases ordering same); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 16, 2026
Brooklyn, New York